# UNITED STATES DISTRICT COURT
for the

Southern District of Indiana

| | |
|---|---|
| United States of America<br>v.<br>Leo Brown<br><br>Date of Original Judgment: 09/14/2006<br>Date of Previous Amended Judgment:<br>*(Use Date of Last Amended Judgment if Any)* | Case No: 3:04CR00019-002<br>USM No: 07618-028<br><br>Jeffrey Levine<br>*Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(Complete Parts I and II of Page 2 when motion is granted)*

**A CERTIFIED TRUE COPY**
Laura A. Briggs, Clerk
U.S. District Court
Southern District of Indiana
By _Dina M. Dagle_
Deputy Clerk

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 01/10/2012

*Judge's signature*

Effective Date: _____ *
*(if different from order date)*

The Honorable Richard L. Young
*Printed name and title*

* Unless otherwise indicated, the effective date of this order shall be ten (10) days after order date.

Addendum to Order Pursuant to 18 U.S.C. § 3582(c)

Cause No. 3:04CR00019-002

Defendant Leo Brown

As directed by 18 U.S.C. § 3582(c)(2), the Court has considered the relevant factors in U.S.S.G. § 1B1.10(b) and 18 U.S.C. § 3553(a), and determined a sentence reduction is not appropriate for the following reason(s):

\_\_\_\_\_ 1) The defendant is not eligible for a reduction because the amendments listed in subsection (c) of U.S.S.G. § 1B1.10 are not applicable to the defendant.

\_✓\_\_ 2) The amendment is listed in subsection (c) of U.S.S.G. § 1B1.10 and is applicable to the defendant, but it does not have the effect of lowering the defendant's applicable guideline range (e.g. a statutory mandatory minimum term of imprisonment, binding plea agreement, career offender status).

\_\_\_\_\_ 3) The defendant is eligible for a reduction under this amendment, but the Court has determined such a reduction is not appropriate because of the nature and seriousness of the danger to any person or the community that may be posed by a reduction in sentence. (Application Note 1(B) of U.S.S.G. § 1B1.10.)

\_\_\_\_\_ 4) The defendant is eligible for a reduction under this amendment.  However, the Court has determined the post-sentencing conduct demonstrates the defendant may pose a danger to any person or the community by a reduction in sentence.  (Application Note 1(B) of U.S.S.G. § 1B1.10.)

\_✓\_\_ 5) Other (explain)

The defendant's base offense level under the 2011 Gudielines is 36, based on 10,000 to 30,000 kilograms of marijuana equivalency (after converting the cocaine and

cocaine base to marijuana).  It is the same now as it was at the time of the original

sentencing.